UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT BERGEN,

          Plaintiff,

    v.

JOSEPH LEHMAN,

          Defendant.

Case No.  C05-5008RBL

ORDER REGARDING SERVICE OF COMPLAINT AND REQUIRING JOINT STATUS REPORT

      This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 on January 4, 2005. (Dkt. #1).  On February 22, 2005, plaintiff paid the court filing fee.  To date, however, it does not appear the complaint has been served on the named defendant.

      Because plaintiff has paid the filing fee, he is not proceeding *in forma pauperis*.  Thus, plaintiff is responsible for serving the defendant named in his complaint. See Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4 and Local Rule CR 4(c).  Service must be made within 120 days after filing of the complaint. Fed. R. Civ. P. 4(m).  Failure to properly serve the summons and complaint within the above time frame may result in the dismissal of this case without prejudice. Id.

      It has made more than 120 days since plaintiff paid the court filing fee.  As such, service of the complaint is now overdue.  Accordingly, plaintiff is hereby ordered to serve the complaint **by no later than July 27, 2005**.  In addition, if settlement is not achieved earlier, all counsel and any *pro se* parties are

ORDER REQUIRING JOINT STATUS REPORT
Page - 1

directed to confer and provide the court with a joint status report by:

**<u>August 27, 2005.</u>**

The joint status report will contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case;

2. The date by which discovery can be completed;

3. Whether the parties agree to arbitration under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

4. Whether a settlement mediation under Local Rule CR 39.1(c) should be held;

5. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way;

6. Any other suggestions for shortening or simplifying the case;

7. The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

8. The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

9. Whether the trial will by jury or non-jury;

10. The number of trial days required, and suggestions for shortening trial;

11. The names, addresses, and telephone numbers of all trial counsel.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs. **Separate reports are <u>not</u> to be filed**.

If, on the due date of the joint status report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff (or plaintiff, if *pro se*) shall advise the court in an independent report when service will be effected and why it was not made earlier.

If on the due date the defendant(s) or respondent(s) have been served and no answer or appearance has been filed, counsel for the plaintiff (or plaintiff, if *pro se*) shall file an independent status report providing the information requested to the extent possible. This report must also describe the current status of the non-appearing parties.

The time for filing the joint status report may be extended **<u>only</u>** by court order.

## PLAINTIFF'S RESPONSIBILITIES

This order is issued at the outset of the case, and a copy is delivered by the clerk to plaintiff. **Within ten (10) days of receipt of service, plaintiff shall serve a copy of this order on each party appearing after this order is filed. Plaintiff is responsible for initiating contact with defendant(s) counsel for preparation of the joint status report and plaintiff shall do so by notifying defendant(s) counsel in writing.**

## SANCTIONS

A failure by any party to comply fully with this order may result in the imposition of sanctions.

DATED this 27th day of June, 2005.

Karen L. Strombom
United States Magistrate Judge