UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT BERGEN,<br><br>               Plaintiff,<br><br>     v.<br><br>JOSEPH LEHMAN,<br><br>               Defendant. | Case No.  C05-5008RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for December 30, 2005 |

       This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983.  He is not proceeding *in forma pauperis* in this matter.  This matter is before the court due to plaintiff's failure to respond to the court's order to serve his complaint and initiate the filing of a joint status report with the court. (Dkt. #16).  For the reasons set forth below, the undersigned recommends this matter be dismissed for failure to prosecute.

DISCUSSION

       Plaintiff filed his civil rights complaint on January 4, 2005. (Dkt. #1).  On February 22, 2005, he paid the court filing fee.  Because plaintiff paid the court filing fee, he is not proceeding *in forma pauperis* in this matter.  Thus, he is responsible for serving the defendants named in his complaint. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4 and Local Rule CR 4(c).  Service must be made within 120 days after filing of the complaint. Fed. R. Civ. P. 4(m).  Failure to properly serve the summons and complaint within

REPORT AND RECOMMENDATION
Page - 1

the above time frame may result in the dismissal of this case without prejudice. Id.

As of June 27, 2005, more than 120 days after plaintiff had paid the filing fee, it appeared from the record that the complaint still had not been served on any of the named defendants. Thus, because service of the complaint was by then overdue, the undersigned ordered plaintiff to serve the complaint by no later than July 27, 2005. (Dkt. #14). The undersigned further ordered plaintiff to confer with defendants and provide the court with a joint status report by no later than August 27, 2005. Plaintiff was warned that failure to comply with the court's order could result in the imposition of sanctions.

As of September 28, 2005, it still did not appear that the complaint had been served, nor had a joint status report been filed with the court. Accordingly, the court issued a second order to show cause, informing plaintiff that it would recommend dismissal of this matter if he did not serve the complaint and file the joint status report by no later than November 1, 2005. (Dkt. #16). To date though, plaintiff has done neither of these things.

## CONCLUSION

Because plaintiff has failed to respond to either of the court's orders to show cause directing him to serve the complaint and initiate the filing of a joint status report, the undersigned recommends the court dismiss his complaint for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **December 30, 2005**, as noted in the caption.

The Clerk is directed to send copies of this Order to plaintiff and to counsel for defendants.

DATED this 5th day of December, 2005.

Karen L. Strombom
United States Magistrate Judge